UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, LLC,<br>BED BATH & BEYOND, INC., and BED BATH & BEYOND OF PROVIDENCE, INC.<br><br>Defendants. | : | C.A. NO. 08-139ML |

**FIRST AMENDED COMPLAINT**

Plaintiff, Emissive Energy Corporation ("Emissive"), brings this action against defendants, Innovage, LLC (referred to herein as "Innovage"), Bed Bath & Beyond, Inc., and Bed Bath & Beyond of Providence, Inc. (collectively referred to herein as "Bed Bath & Beyond" or the "Bed Bath & Beyond Defendants") for patent infringement. By this First Amended Complaint, Emissive seeks injunctive relief and monetary damages and alleges as follows:

**PARTIES**

1. Emissive is a Delaware corporation with its principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island. Emissive designs, manufactures and sells high performance flashlights and other handheld lighting equipment. Emissive designs, manufactures and assembles its products in Rhode Island. Its products are sold domestically and internationally through several channels, such as retailers, distributors, Internet sales and mail order catalogs.

2. Upon information and belief, defendant, Innovage, LLC, is a Delaware limited liability company with its principal place of business located at 19511 Pauling, Foothill Ranch, California 92610.

3. Upon information and belief, Innovage imports, distributes and/or sells lighting products bearing the INNOVAGE designation, including the INNOVAGE 8X LED Power Light (the "Accused Products"). Innovage has sold and continues to sell its products, including the Accused Products, in Rhode Island and throughout the United States. It sells these products through several channels, such as retailers, distributors, mail order catalogs and over the Internet.

4. Upon information and belief, defendant, Bed Bath & Beyond, Inc., is a New York corporation with its principal place of business located at 650 Liberty Avenue, Union, New Jersey.

5. Upon information and belief, defendant, Bed Bath & Beyond of Providence, Inc., is a Rhode Island corporation with its principal place of business located at 650 Liberty Avenue, Union, New Jersey.

6. Upon information and belief, Bed Bath & Beyond sells merchandise and home furnishings, including lighting products. Bed Bath & Beyond has sold, and continues to sell its merchandise, including the Accused Products, in Rhode Island, where it maintains retail stores, and throughout the United States. Bed Bath & Beyond sells its merchandise through several channels, such as its own retail stores and over the Internet.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Innovage and Bed Bath & Beyond because both market and sell the Accused Products in Rhode Island.

9. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTS

**The Emissive X5®**

10. Emissive designed and later introduced its X5® flashlight in 2000. The X5® is a hand-held, cylindrical aluminum flashlight that has a distinctive ornamental round head with a Gatling gun appearance created by multiple light emitting diodes ("LED"), each in a separate reflector tube. (A true photograph of the X5®'s flashlight is attached hereto as Exhibit 1.)

11. Emissive's Chief Executive Officer, Robert D. Galli, designed the X5®.

12. On November 21, 2000, the United States Patent and Trademark Office (the "PTO") issued Patent No. D434,164 (the "'164 Patent") to Mr. Galli. The '164 Patent protects the ornamental design of a flashlight head. (A true copy of the '164 Patent is attached hereto as Exhibit 2.) Mr. Galli assigned the '164 Patent to Emissive.

13. On January 7, 2003, the PTO issued Patent No. D468,464 (the "'464 Patent") to Mr. Galli. The '464 Patent protects the ornamental design of a flashlight. (A true copy of the '464 Patent is attached hereto as Exhibit 3.) Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '464 Patent.

14. On January 14, 2003, the PTO issued Patent No. D468,851 (the "'851 Patent") to Mr. Galli. The '851 Patent protects the ornamental design of a flashlight head. (A true copy of the '851 Patent is attached hereto as Exhibit 4.) Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '851 Patent.

15. On September 28, 2004, the PTO issued Patent No. 6,796,674 (the "'674 Patent") to Mr. Galli. (A true copy of the '674 Patent is attached hereto as Exhibit 5.) The invention embodied in the '674 Patent is a lensless head assembly for an LED light comprised of a tubular enclosure, a circuit board, and at least one LED mounted on the inner surface of the circuit board that prevents contaminants from entering the tubular enclosure. Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '674 Patent.

16. On January 11, 2005, the PTO issued Patent No. 6,840,653 (the "'653 Patent") to Mr. Galli. (A true copy of the '653 Patent is attached hereto as Exhibit 6.) The invention embodied in the '653 Patent is a flashlight assembly comprising of a housing, a battery, a flashlight head and a switch assembly. Mr. Galli assigned the '653 Patent to Emissive. (The Patents referenced in paragraphs 14-18 are collectively referred to herein as the "Emissive Patents.")

17. Emissive has had great success selling its X5®. Emissive has spent hundreds of thousands of dollars marketing its X5® and other flashlights on the Internet, at trade shows and through catalogs, wholesalers, distributors and retailers.

18. Emissive's patented flashlights, including the X5®, are a valuable asset of Emissive and a principal source of the company's goodwill. The X5® is one of Emissive's best-selling flashlight products.

**Emissive's Presentation to Bed Bath & Beyond**

19. In September 2006, Emissive presented its flashlight line, including the X5®, to Bed Bath & Beyond's Assistant Buyer, Wes Ochoa.

20. Bed Bath & Beyond declined to purchase Emissive's flashlight line, including the X5®, and decided to purchase Innovage's Chinese made flashlight line, including the Accused Products, that are cheaper and are of inferior quality.

21. Thereafter, Bed Bath & Beyond imported, marketed, sold and/or offered to sell Innovage's Accused Products in the United States, including Rhode Island.

22. Bed Bath & Beyond's wrongful actions were conducted without authorization or license to do so and will continue unless enjoined by this Court.

**Innovage's 8X LED Power Light**

23. Innovage is manufacturing, marketing, selling and/or offering to sell the Accused Products through Bed Bath & Beyond and other retailers, distributors, mail order catalogs and over the Internet.

24. The Accused Products infringe one or more of the claims of the '164, '464, and '851 Patents. The Accused Products embody the ornamental design of, and are substantially similar to, the Emissive X5® flashlight.

25. The Accused Products also infringe one or more of the claims of the '674 and '653 Patents.

26. Innovage had access to the Emissive X5® prior to its release of the Innovage 8X LED Power Light.

27. Upon information and belief, Innovage is intentionally infringing the Emissive Patents by manufacturing, importing, marking, selling or offering the Accused Products for sale in the United States, including Rhode Island.

28. Innovage's wrongful actions are being conducted without authorization or license to do so and will continue unless enjoined by the Court.

29. Innovage had prior knowledge of the Emissive Patents, and therefore its conduct is both willful and deliberate.

**COUNT I**
**(Infringement of the '164 Patent- 35 U.S.C. § 271)**

30. Emissive realleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. Defendants have knowingly and intentionally infringed and continue to infringe the '164 Patent.

32. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of defendants' continuing infringement of the '164 Patent including, but not limited to, the loss of commercial value of its X5® flashlight design, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

33. Emissive will suffer further damage and irreparable injury unless and until defendants are enjoined from their continuing infringement of the '164 Patent.

34. Emissive is entitled to an accounting of defendants' profits derived from the sale of the Accused Products.

35. Defendants have committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

36. Emissive has no adequate remedy at law.

**COUNT II**
**(Infringement of the '464 Patent- 35 U.S.C. § 271)**

37. Emissive realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. Defendants knowingly and intentionally have infringed and continue to infringe the '464 Patent.

39. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of defendants' continuing infringement of the '464 Patent including, but not limited to, the loss of commercial value of its X5® flashlight design, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

40. Emissive will suffer further damage and irreparable injury unless and until defendants are enjoined from their continuing infringement of the '464 Patent.

41. Emissive is entitled to an accounting of defendants' profits derived from the sale of the Accused Products.

42. Defendants have committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

43. Emissive has no adequate remedy at law.

**COUNT III**
**(Infringement of the '851 Patent- 35 U.S.C. § 271)**

44. Emissive realleges and incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. Defendants knowingly and intentionally have infringed and continue to infringe the '851 Patent.

46. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of defendants' continuing infringement of the '851 Patent including, but not limited to, the loss of commercial value of its X5® flashlight design, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

47. Emissive will suffer further damage and irreparable injury unless and until defendants are enjoined from their continuing infringement of the '851 Patent.

48. Emissive is entitled to an accounting of defendants' profits derived from the sale of the Accused Products.

49. Defendants have committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

50. Emissive has no adequate remedy at law.

**COUNT IV**
**(Infringement of '674 Patent – 35 U.S.C. § 271)**

51. Emissive realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Defendants have infringed and continue to infringe the '674 Patent, have induced and continue to induce others to infringe the '674 Patent, and/or have committed and continue to commit acts of contributory infringement of one or more claims of the '674 Patent by manufacturing, using, selling, distributing or offering for sale the Accused Products and components thereof that embody the inventions of the '674 Patent.

53. Defendants' infringing activities violate 35 U.S.C. § 271.

54. Emissive is entitled to an accounting of defendants' profits derived from the sale of the Accused Products.

55. Defendants' infringing activities have been and continue to be intentional and willful so as to make this case exceptional under 35 U.S.C. § 285.

56. As a consequence of defendants' infringement of the '674 Patent, Emissive has suffered monetary damages in an amount not yet determined, and Emissive will continue to suffer

harm, including irreparable harm in the future, unless and until defendants' infringing activities are enjoined by this Court.

**COUNT V**
**(Infringement of '653 Patent – 35 U.S.C. § 271)**

57. Emissive realleges and incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58. Defendants have infringed and continue to infringe the '653 Patent, have induced and continue to induce others to infringe the '653 Patent, and/or have committed and continue to commit acts of contributory infringement of one or more claims of the '653 Patent by manufacturing, using, selling, distributing or offering for sale the Accused Products and components thereof that embody the inventions of the '653 Patent.

59. Defendants' infringing activities violate 35 U.S.C. § 271.

60. Emissive is entitled to an accounting of defendants' profits derived from the sale of the Accused Products.

61. Defendants' infringing activities have been and continue to be intentional and willful so as to make this case exceptional under 35 U.S.C. § 285.

62. As a consequence of defendants' infringement of the '653 Patent, Emissive has suffered monetary damages in an amount not yet determined, and Emissive will continue to suffer harm, including irreparable harm in the future, unless and until defendants' infringing activities are enjoined by this Court.

**WHEREFORE**, Emissive requests that:

A. judgment enter in its favor and against defendants on each Count of the First Amended Complaint;

B. defendants be adjudged to have infringed the '164, '464, '851, '674, and '653 Patents and that such infringement be adjudged to have been willful;

C. defendants, their officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with defendants be forthwith temporarily, preliminarily and thereafter permanently restrained and enjoined from infringing the '164, '464, '851, '674, and '653 Patents;

D. defendants be ordered to:

(1) cease all sales of the Accused Products;

(2) remove the Accused Products from the Internet, all catalogues, retail stores and other channels of trade;

(3) stop importation of the Accused Products;

(4) omit reference to the Accused Products and/or any of the Emissive '164, '464, '851, '674, and '653 Patents on the Internet, in future catalogs, in retail stores, in advertisements and all other channels of trade; and

(5) recall from its employees, subsidiaries, dealers, distributors, resellers and customers, any and all Accused Products and advertising of the Accused Products and to immediately deliver same to Emissive.

E. Emissive be awarded compensatory damages in an amount no less than a reasonable royalty of defendants' gross sales of the Accused Products;

F. Emissive be awarded treble damages pursuant to 35 U.S.C. § 284 because of the willful nature of defendants' acts;

G. Emissive be awarded prejudgment interest;

H. Emissive be awarded its costs, attorneys' fees, and expenses in this suit under 35 U.S.C. § 285; and

I. Emissive be awarded such other and further relief as this Court may deem just and proper.

**Plaintiff hereby demands a trial by jury on all counts so triable.**

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

/s/ Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: May 19, 2008

**CERTIFICATE OF SERVICE**

To:

Michael Fuldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Craig McLaughlin, Esq.
The Eclipse Group, LLP
O'Connor Christensen & McLaughlin
1920 Main Street, Suite 150
Irvine, CA 92614

I hereby certify that the within *First Amended Complaint* was mailed to the above named counsel, via electronic and first class mail, postage prepaid, on the 19th day of May, 2008, and filed through the ECF system on the same date.

*H:\Clients\Emissive Energy\Bed Bath & Beyond\Pleadings\Drafts\Complaint\Complaint (1st Amended) 5-19-08.doc*