UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, LLC, a Delaware limited liability company; BED BATH & BEYOND, INC., a New York corporation; and BED BATH & BEYOND OF PROVIDENCE, INC., a Rhode Island corporation. | C.A. NO. 08-139 ML<br><br>**DEFENDANT INNOVAGE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT INNOVAGE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Innovage, LLC ("Innovage") answers the First Amended Complaint of Plaintiff Emissive Energy Corporation ("Emissive") as follows:

**PARTIES**

1. Answering paragraph 1 of the First Amended Complaint, Innovage admits that Emissive is a Delaware corporation. Innovage is without sufficient knowledge or information to form a belief as to the truth of the rest of the allegations contained in paragraph 1, and on that basis, denies them.

2. Answering paragraph 2 of the First Amended Complaint, Innovage admits the allegations.

3. Answering paragraph 3 of the First Amended Complaint, Innovage admits that it has imported and sold the INNOVAGE 8X LED Power Light and other products to

distributors, and has continued to import and sell its products to distributors, but is without sufficient knowledge or information to form a belief as to the truth of the rest of the allegations contained in paragraph 3, and therefore denies them.

4. Answering paragraph 4 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 4, and on that basis, denies them.

5. Answering paragraph 5 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 5, and on that basis, denies them.

6. Answering paragraph 6 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 6, and on that basis, denies them.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of the First Amended Complaint, Innovage admits the allegations.

8. Answering paragraph 8 of the First Amended Complaint, Innovage admits the allegations as to Innovage, but is without sufficient knowledge or information to form a belief to the remainder of the allegations contained in paragraph 8, and on that basis, denies them.

9. Answering paragraph 9 of the First Amended Complaint, Innovage admits the allegations.

## FACTS

**The Emissive X5®**

10. Answering paragraph 10 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 10, and on that basis, denies them.

11. Answering paragraph 11 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 11, and on that basis, denies them.

12. Answering paragraph 12 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 12, and on that basis, denies them.

13. Answering paragraph 13 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 13, and on that basis, denies them.

14. Answering paragraph 14 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 14, and on that basis, denies them.

15. Answering paragraph 15 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 15, and on that basis, deny each and every allegation contained herein.

16. Answering paragraph 16 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 16, and on that basis, denies them.

17. Answering paragraph 17 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 17, and on that basis, denies them.

18. Answering paragraph 18 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 18, and on that basis, denies them.

**Emissive's Presentation to Bed Bath & Beyond**

19. Answering paragraph 19 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 19, and on that basis, denies them.

20. Answering paragraph 20 of the First Amended Complaint, Innovage admits that Bed Bath & Beyond purchased the 8X flashlight which is made in China. Innovage is without sufficient knowledge or information to form a belief as to the truth of the rest of the allegations contained in paragraph 20, and on that basis, denies them.

21. Answering paragraph 21 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 21, and on that basis, denies them.

22. Answering paragraph 22 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 22, and on that basis, denies them.

**Innovage's 8X LED Power Light**

23. Answering paragraph 23 of the First Amended Complaint, Innovage is uncertain as to the meaning of "Accused Products" and therefore is without sufficient

knowledge or information to form a belief to the allegations contained in paragraph 23, and on that basis, denies them.

24. Answering paragraph 24 of the First Amended Complaint, Innovage denies the allegations.

25. Answering paragraph 25 of the First Amended Complaint, Innovage denies the allegations.

26. Answering paragraph 26 of the First Amended Complaint, Innovage is without sufficient knowledge or information to form a belief to the allegations contained in paragraph 26, and on that basis, denies them.

27. Answering paragraph 27 of the First Amended Complaint, Innovage denies the allegations.

28. Answering paragraph 28 of the First Amended Complaint, Innovage denies the allegations.

29. Answering paragraph 29 of the First Amended Complaint, Innovage denies the allegations.

**COUNT I**
**(Infringement of the '164 Patent – 35 U.S.C. § 271)**

30. Answering paragraph 30 of the First Amended Complaint, Innovage incorporates by reference its answers to paragraphs 1-29.

31. Answering paragraph 31 of the First Amended Complaint, Innovage denies the allegations.

32. Answering paragraph 32 of the First Amended Complaint, Innovage denies the allegations.

33. Answering paragraph 33 of the First Amended Complaint, Innovage

denies the allegations.

34. Answering paragraph 34 of the First Amended Complaint, Innovage denies the allegations.

35. Answering paragraph 35 of the First Amended Complaint, Innovage denies the allegations.

36. Answering paragraph 36 of the First Amended Complaint, Innovage denies the allegations.

**COUNT II**
**(Infringement of the '464 Patent – 35 U.S.C. § 271)**

37. Answering paragraph 37 of the First Amended Complaint, Innovage incorporates by reference its answers to paragraphs 1-36.

38. Answering paragraph 38 of the First Amended Complaint, Innovage denies the allegations.

39. Answering paragraph 39 of the First Amended Complaint, Innovage denies the allegations.

40. Answering paragraph 40 of the First Amended Complaint, Innovage denies the allegations.

41. Answering paragraph 41 of the First Amended Complaint, Innovage denies the allegations.

42. Answering paragraph 42 of the First Amended Complaint, Innovage denies the allegations.

43. Answering paragraph 43 of the First Amended Complaint, Innovage denies the allegations.

**COUNT III**

**(Infringement of the '851 Patent – 35 U.S.C. § 271)**

44. Answering paragraph 44 of the First Amended Complaint, Innovage incorporates by reference its answers to paragraphs 1-43.

45. Answering paragraph 45 of the First Amended Complaint, Innovage denies the allegations.

46. Answering paragraph 46 of the First Amended Complaint, Innovage denies the allegations.

47. Answering paragraph 47 of the First Amended Complaint, Innovage denies the allegations.

48. Answering paragraph 48 of the First Amended Complaint, Innovage denies the allegations.

49. Answering paragraph 49 of the First Amended Complaint, Innovage denies the allegations.

50. Answering paragraph 50 of the First Amended Complaint, Innovage denies the allegations.

**COUNT IV**
**(Infringement of the '674 Patent – 35 U.S.C. § 271)**

51. Answering paragraph 51 of the First Amended Complaint, Innovage incorporates by reference its answers to paragraphs 1-50.

52. Answering paragraph 52 of the First Amended Complaint, Innovage denies the allegations.

53. Answering paragraph 53 of the First Amended Complaint, Innovage denies the allegations.

54. Answering paragraph 54 of the First Amended Complaint, Innovage

denies the allegations.

55. Answering paragraph 55 of the First Amended Complaint, Innovage denies the allegations.

56. Answering paragraph 56 of the First Amended Complaint, Innovage denies the allegations.

**COUNT V**
**(Infringement of the '653 Patent – 35 U.S.C. § 271)**

57. Answering paragraph 57 of the First Amended Complaint, Innovage incorporates by reference its answers to paragraphs 1-56.

58. Answering paragraph 58 of the First Amended Complaint, Innovage denies the allegations.

59. Answering paragraph 59 of the First Amended Complaint, Innovage denies the allegations.

60. Answering paragraph 60 of the First Amended Complaint, Innovage denies the allegations.

61. Answering paragraph 61 of the First Amended Complaint, Innovage denies the allegations.

62. Answering paragraph 62 of the First Amended Complaint, Innovage denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

63. Plaintiff lacks standing to assert infringement.

### SECOND AFFIRMATIVE DEFENSE

64. The '674 and '653 Patents are unenforceable for inequitable conduct.

Applicant and his counsel committed inequitable conduct for at least the following reasons: a.) they failed to properly claim priority to at least one earlier filed application and knew that the claim was improper, but nonetheless relied on it to secrete highly material prior art from the Examiners during prosecution of these patents; b.) they intentionally withheld from the Patent Office a public use, sale, offer for sale or publication which took place more than one year before the effective filing date of the applications for these two utility patents; and c.) they intentionally withheld each of the design patents in this suit, applications therefore, and all embodiments thereof, from the same Examiners, and had such information been disclosed during prosecution as required, it would have been relevant and highly material to the determination of patentability and would likely resulted in rejection of the applications.

**THIRD AFFIRMATIVE DEFENSE**

65. The ‘674 and ‘653 Patents are invalid under 35 U.S.C. §§ 112, 102 and 103 for at least the following reasons: a.) the public use, sale, offer for sale or publication that existed more than one year prior to the effective filing dates of their applications renders these two patents invalid under 35 U.S.C. §§ 102 and 103; and b.) the '674 and '653 Patents are invalid under 35 U.S.C. § 112 at least because, in each of the specifications of those two patents, the application upon which applicant asserted a claim to priority which was allegedly filed on February 22, 2001, does not sufficiently support the claims of the ‘674 and ‘653 Patents and violates the requirements under the patent laws for adequate written description, enablement and best mode.

**FOURTH AFFIRMATIVE DEFENSE**

66. The patents-in-suit are not infringed.

**FIFTH AFFIRMATIVE DEFENSE**

67. The Plaintiff has unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

68. The asserted design patents are invalid on grounds of functionality.

**SEVENTH AFFIRMATIVE DEFENSE**

69. The Plaintiff is equitably estopped from asserting that the features shown in the asserted design patents are functional.

**EIGHTH AFFIRMATIVE DEFENSE**

70. The Plaintiff is equitably estopped from asserting that the features claimed in the asserted utility patents are not functional.

**NINTH AFFIRMATIVE DEFENSE**

71. Any potential recovery for patent infringement is limited by 35 U.S.C. § 287.

**TENTH AFFIRMATIVE DEFENSE**

72. The patentee failed to disclaim an invalid patent claim before filing suit so no costs are available.

**ELEVENTH AFFIRMATIVE DEFENSE**

73. Plaintiff's claims are barred by the doctrine of laches.

**INNOVAGE'S COUNTERCLAIM**

74. Counterclaim Plaintiff, INNOVAGE, LLC (hereinafter "Innovage"), brings this Counterclaim against Emissive Energy Corporation ("Emissive"), a Delaware corporation, and alleges as follows:

## THE PARTIES

75. Innovage is a Delaware limited liability corporation with its principal place of business at 19511 Pauling, Foothill Ranch, California 92610.

76. Emissive is a Delaware corporation and upon information and belief has its principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island.

## JURISDICTION AND VENUE

77. This is an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 et seq., for a declaration that Innovage's 8X LED Power Light product not infringe United States Patent Nos. D434,164 (the "'164 Patent"), D468,464 (the "'464 Patent"), D468,851 (the "'851 Patent"), 6,796,674 (the "'674 Patent"), and 6,840,653 (the"'653 Patent") (collectively "patents-in-suit").

78. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

79. Upon information and belief, Emissive is doing business in this judicial district and is subject to personal jurisdiction in this judicial district and has sued Innovage for infringement of the patents-in-suit in this district.

80. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

## FACTS GIVING RISE TO THIS COUNTERCLAIM

81. On or about April 17, 2008, Emissive filed a Complaint in this district against Innovage and others asserting that Innovage and others infringe the patents-in-

suit.

82. On or about May 19, 2008, Emissive filed a First Amended Complaint in this district against Innovage and others asserting that Innovage and others infringe the patents-in-suit.

83. Innovage has denied the allegations of infringement and alleges that the patents are invalid, unenforceable and not infringed.

84. There exists an immediate, real and actual controversy between Emissive and Innovage respecting the patents-in-suit and whether the patents-in-suit are invalid, whether they are unenforceable and whether Innovage infringes them.

85. Upon information and belief, the ‘164 Patent issued on November 21, 2000, the application for which (Appl. No. 29/119,448), was filed on March 1, 2000, and which depicted a lensless flashlight head.

86. Upon information and belief, the ‘674 Patent issued on September 24, 2004, the application for which (Appl. No. 10/374,814), was filed on February 25, 2003. The ‘164 Patent nor its application were ever referenced or claimed for priority in connection with the application for the ‘674 Patent.

87. Upon information and belief, the ‘653 Patent issued on January 11, 2005, the application for which (Appl. No. 10/714,708), was filed on November 17, 2003. The ‘164 Patent nor its application were ever referenced or claimed for priority in connection with the application for the ‘653 Patent.

88. Upon information and belief, the ‘164 Patent, its application and embodiments thereof are prior art to the other four patents in this suit. The ‘164 Patent, its application and embodiments thereof are material prior art to the other four patents in

this suit. Upon information and belief, applicant and his counsel knew that the '164 Patent, its application, and embodiments thereof were material prior art at all relevant times during prosecution of each of the applications which ripened into the four other patents in this lawsuit.

89. On behalf of the applicant, the same law firm prosecuted each of the applications of the patents-in-suit. The applicant was also the same in each of the applications that ripened into the patents-in-suit.

90. Applicant and his counsel were under the duties of candor and of disclosure to inform the Examiners of all material prior art during prosecution of each of the applications for the patents-in-suit.

91. The Examiner of the design patents in this suit was not the same person as the Examiner for either of the utility patents in this suit. The applicant and his counsel knew this during prosecution of the applications which ripened into the '674 Patent and the '653 Patent.

92. The '164 Patent, its application, and not a single one of its embodiments, were ever disclosed to the Examiner during the prosecution of the '674 Patent. On information and belief, the '164 Patent and its application were intentionally withheld from the Examiner of the '674 Patent, and withheld with an intent to deceive.

93. Applicant and his counsel breached their duties of candor and of disclosure by failing to disclose the '164 Patent, its application, and its embodiments to the Examiner of the application for the '674 Patent.

94. On information and belief, had the Examiner known of the '164 Patent, its application or any embodiments thereof during prosecution of the application that

became the ‘674 Patent, the ‘674 Patent would not have issued pursuant to 35 U.S.C. §§ 102 and/or 103.

95. Such withholding constituted inequitable conduct and fraud on the USPTO warranting a finding of unenforceability of the ‘674 Patent.

96. The ‘164 Patent, its application and not a single one of its embodiments were ever disclosed to the Examiners during the prosecution of the ‘653 Patent. On information and belief, the ‘164 Patent, its application and its embodiments thereof were intentionally withheld from the Examiner of the ‘653 Patent, and withheld with an intent to deceive.

97. Applicant and his counsel breached their duties of candor and of disclosure by failing to disclose the ‘164 Patent, its application and its embodiments to the Examiner of the application for the ‘674 Patent.

98. On information and belief, had the Examiner known of the ‘164 Patent, its application or its embodiments during prosecution of the application that became the ‘653 Patent, the ‘653 Patent would not have issued pursuant to 35 U.S.C. §§ 102 and/or 103.

99. Such withholding constituted inequitable conduct and fraud on the USPTO warranting a finding of unenforceability of the ‘653 Patent.

100. The ‘674 and '653 Patents are unenforceable for inequitable conduct. Applicant and his counsel committed inequitable conduct for at least the following reasons: a.) they failed to properly claim priority to at least one earlier filed application and knew that the claim was improper, but nonetheless relied on it to secrete highly material prior art from the Examiners during prosecution of these patents; b.) they intentionally withheld from the Patent Office a public use, sale, offer for sale or

publication which took place more than one year before the effective filing date of the applications for these two utility patents; and c.) they intentionally withheld each of the design patents in this suit, applications therefore, and all embodiments thereof, from the same Examiners, and had such information been disclosed during prosecution as required, it would have been relevant and highly material to the determination of patentability and would likely resulted in rejection of the applications.

101. On information and belief, the above information was intentionally withheld from the Patent Office by applicant and his counsel with an intent to deceive the Examiner during prosecution of the applications which ripened into the asserted utility patents.

102. The ‘674 and ‘653 Patents are invalid under 35 U.S.C. §§ 112, 102 and 103 for at least the following reasons: a.) the public use, sale, offer for sale or publication that existed more than one year prior to the effective filing dates of their applications renders these two patents invalid under 35 U.S.C. §§ 102 and 103; and b.) the '674 and '653 Patents are invalid under 35 U.S.C. § 112 at least because, in each of the specifications of those two patents, the application upon which applicant asserted a claim to priority which was allegedly filed on February 22, 2001, does not sufficiently support the claims of the ‘674 and ‘653 Patents and violates the requirements under the patent laws for adequate written description, enablement and best mode.

103. If the ‘674 and ‘653 Patents are invalid, they cannot be infringed or enforced.

**FIRST CAUSE OF ACTION**

**Unenforceability of the '674 Patent**

104. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

105. The conduct of applicant and his counsel warrant a finding that the '674 Patent is unenforceable.

106. Innovage seeks a declaration that '674 Patent is unenforceable and that the case is exceptional warranting an award of attorney's fees to Innovage.

**SECOND CAUSE OF ACTION**

**Unenforceability of the '653 Patent**

107. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

108. The conduct of applicant and his counsel warrant a finding that the '653 Patent is unenforceable.

109. Innovage seeks a declaration that '653 Patent is unenforceable and that the case is exceptional warranting an award of attorney's fees to Innovage.

**THIRD CAUSE OF ACTION**

**Invalidity of the '674 Patent**

110. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

111. The '674 Patent is invalid.

112. Innovage seeks a declaration that '674 Patent is invalid and that the case is exceptional warranting an award of attorney's fees to Innovage.

**FOURTH CAUSE OF ACTION**

**Invalidity of the ‘653 Patent**

113. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

114. The ‘653 Patent is invalid.

115. Innovage seeks a declaration that ‘653 Patent is invalid and that the case is exceptional warranting an award of attorney’s fees to Innovage.

**FIFTH CAUSE OF ACTION**

**Non-infringement of the ‘674 Patent**

116. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

117. Innovage does not infringe the ‘674 Patent.

118. Innovage seeks a declaration that it does not infringe the ‘674 Patent and that the case is exceptional warranting an award of attorney’s fees to Innovage.

**SIXTH CAUSE OF ACTION**

**Non-infringement of the ‘653 Patent**

119. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

120. Innovage does not infringe the ‘653 Patent.

121. Innovage seeks a declaration that it does not infringe the ‘653 Patent and that the case is exceptional warranting an award of attorney’s fees to Innovage.

**SEVENTH CAUSE OF ACTION**

**Non-infringement of the '164 Patent**

122. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

123. Innovage does not infringe the '164 Patent.

124. Innovage seeks a declaration that it does not infringe the '164 Patent and that the case is exceptional warranting an award of attorney's fees to Innovage.

**EIGHTH CAUSE OF ACTION**

**Non-infringement of the '464 Patent**

125. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

126. Innovage does not infringe the '464 Patent.

127. Innovage seeks a declaration that it does not infringe the '464 Patent and that the case is exceptional warranting an award of attorney's fees to Innovage.

**NINTH CAUSE OF ACTION**

**Non-infringement of the '851 Patent**

128. Innovage re-alleges and incorporates by reference herein the allegations contained in paragraphs 74 through 103 of this Counterclaim.

129. Innovage does not infringe the '851 Patent.

130. Innovage seeks a declaration that it does not infringe the '851 Patent and that the case is exceptional warranting an award of attorney's fees to Innovage.

**PRAYER FOR RELIEF**

Wherefore, Innovage prays for judgment as follows:

A. That Emissive's claims be dismissed with prejudice.

B. That Emissive obtain no relief and that it take nothing.

C. That the asserted patents be found not infringed, unenforceable and invalid.

D. For a declaration that the '674 Patent is not infringed, is unenforceable and is invalid.

E. For a declaration that the '653 Patent is not infringed, is unenforceable and is invalid.

F. For a declaration that the '164 Patent is not infringed.

G. For a declaration that the '464 Patent is not infringed.

H. For a declaration that the '851 Patent is not infringed.

I. That this case be deemed exceptional under 35 U.S.C. § 285 and Innovage be awarded its attorneys fees.

J. That Innovage be awarded its costs and attorney's fees under any other applicable statute or basis.

K. Granting Innovage such other and further relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Defendant Innovage, LLC demands a trial by jury.

Respectfully submitted,
INNOVAGE, LLC,
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn, Esq. (#3344)
56 Pine Street, Suite 200
Providence, RI 02903
Tel: (401) 331-6600
Fax: (401) 274-2780
Email: michael@feldhuhn.com

/s/ Craig McLaughlin

Craig McLaughlin, Esq.
THE ECLIPSE GROUP LLP
O'CONNOR CHRISTENSEN & MCLAUGHLIN
TRIAL DIVISION
1920 Main Street, Suite 150
Irvine, CA 92614
Tel: (949) 851-5000
Fax: (949) 851-5051
Email: cml@eclipsegrp.com

CERTIFICATION

I hereby certify that on this 6th day of June, 2008, this document was filed electronically and is available for viewing and downloading to the following ECF registered counsel of record:

Craig M. Scott, Esquire
Christine K. Bush, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place,
Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn