UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, LLC, BED BATH & BEYOND, INC., and BED BATH & BEYOND OF PROVIDENCE, INC.<br><br>Defendants. | : | C.A. NO. 08-139 ML |

**PLAINTIFF'S ANSWER TO INNOVAGE, LLC'S COUNTERCLAIM**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby answers Defendant Innovage, LLC's ("Innovage") Counterclaim as follows:

**THE PARTIES**

75. Admitted.

76. Admitted.

**JURISDICTION AND VENUE**

77. Emissive admits that Innovage purports to bring its Counterclaim under the Declaratory Judgment Act for a declaration of non-infringement, but otherwise denies the allegations of paragraph 77.

78. Emissive admits only that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but otherwise denies the allegations of paragraph 78.

79. Admitted.

80. Admitted.

**FACTS GIVING RISE TO THIS COUNTERCLAIM**

81. Admitted.

82. Admitted.

83. Emissive admits that Innovage denies infringement, but otherwise denies the allegations of paragraph 83.

84. Denied.

85. Emissive admits that the '164 Patent issued on November 21, 2000, the application for which was filed March 1, 2000 and that the '164 Patent is a document that speaks for itself, but otherwise denies the allegations of paragraph 85.

86. Emissive admits that the '674 Patent issued on September 24, 2004, the application for which was filed February 25, 2003 and that the '674 Patent is a document that speaks for itself, but otherwise denies the allegations of paragraph 86.

87. Emissive admits that the '653 Patent issued on January 11, 2005, the application for which was filed November 17, 2003 and that the '653 Patent is a document that speaks for itself, but otherwise denies the allegations of paragraph 86.

88. Denied.

89. Admitted.

90. Admitted. Answering further, applicant and counsel fully discharged their duties to the United States Patent and Trademark Office (PTO) in connection with the prosecution of the patents-in-suit.

91. Emissive admits that the Examiner of the design patents in this suit was not the same person as the Examiner for either of the utility patents in this suit, but otherwise denies the allegations of paragraph 91.

92. Emissive admits that the '164 Patent, its application and its embodiments were not disclosed to the patent examiner during the prosecution of the '674 Patent, but otherwise denies the allegations of paragraph 92.

93. Denied.

94. Denied.

95. Denied.

96. Emissive admits that the '164 Patent, its application and its embodiments were not disclosed to the patent examiner during the prosecution of the '653 Patent, but otherwise denies the allegations of paragraph 96.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Emissive denies the allegations of Paragraph 103.

**FIRST CAUSE OF ACTION**

**Unenforceability of the '674 Patent**

104. Emissive restates and re-alleges its responses to paragraphs 75 through 103 as if fully set forth herein.

105. Denied.

106. Emissive admits that Innovage seeks a declaration that the '674 Patent is unenforceable and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**SECOND CAUSE OF ACTION**

**Unenforceability of the '653 Patent**

107. Emissive restates and re-alleges its responses to paragraphs 75 through 106 as if fully set forth herein.

108. Denied.

109. Emissive admits that Innovage seeks a declaration that the '653 Patent is unenforceable and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**THIRD CAUSE OF ACTION**

**Invalidity of the '674 Patent**

110. Emissive restates and re-alleges its responses to paragraphs 75 through 109 as if fully set forth herein.

111. Denied.

112. Emissive admits that Innovage seeks a declaration that the '674 Patent is invalid and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**FOURTH CAUSE OF ACTION**

**Invalidity of the '653 Patent**

113. Emissive restates and re-alleges its responses to paragraphs 75 through 112 as if fully set forth herein.

114. Denied.

115. Emissive admits that Innovage seeks a declaration that the '653 Patent is invalid and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**FIFTH CAUSE OF ACTION**

**Non-infringement of the '674 Patent**

116. Emissive restates and re-alleges its responses to paragraphs 75 through 115 as if fully set forth herein.

117. Denied.

118. Emissive admits that Innovage seeks a declaration that it does not infringe the '674 Patent and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**SIXTH CAUSE OF ACTION**

**Non-infringement of the '653 Patent**

119. Emissive restates and re-alleges its responses to paragraphs 75 through 118 as if fully set forth herein.

120. Denied.

121. Emissive admits that Innovage seeks a declaration that it does not infringe the '653 Patent and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**SEVENTH CAUSE OF ACTION**

**Non-infringement of the '164 Patent**

122. Emissive restates and re-alleges its responses to paragraphs 75 through 121 as if fully set forth herein.

123. Denied.

124. Emissive admits that Innovage seeks a declaration that it does not infringe the '164 Patent and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**EIGHTH CAUSE OF ACTION**

**Non-infringement of the '464 Patent**

125. Emissive restates and re-alleges its responses to paragraphs 75 through 124 as if fully set forth herein.

126. Denied.

127. Emissive admits that Innovage seeks a declaration that it does not infringe the '464 Patent and that the case is exceptional, but denies that Innovage is entitled to any such relief.

**NINTH CAUSE OF ACTION**

**Non-infringement of the '851 Patent**

128. Emissive restates and re-alleges its responses to paragraphs 75 through 127 as if fully set forth herein.

129. Denied.

130. Emissive admits that Innovage seeks a declaration that it does not infringe the '851 Patent and that the case is exceptional, but otherwise denies that Innovage is entitled to any such relief.

**PRAYER FOR RELIEF**

Emissive denies that Innovage is entitled to the relief sought in its prayer for relief.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

Innovage's claims of inequitable conduct and fraud on the PTO lack a good faith basis in law or fact and are violative of Fed. R.Civ.P. 11.

**SECOND DEFENSE**

The Counterclaim and each purported claim for relief therein fail to state claims for which relief may be granted.

**THIRD DEFENSE**

Innovage's Counterclaim is barred, in whole or in part, by the doctrines of waiver, laches and estoppel.

**FOURTH DEFENSE**

Innovage is not statutorily, contractually or otherwise entitled to recoup costs expenses and/or attorney's fees from Emissive in this action.

**FIFTH DEFENSE**

Innovage is not entitled to declaratory judgment of non-infringement of the patents-in-suit by virtue of its infringement thereof.

**SIXTH DEFENSE**

Inasmuch as the Counterclaim does not describe the alleged underlying claims with sufficient particularity to enable Emissive to determine all of its legal, contractual and equitable rights, Emissive reserves the right to amend and supplement the averments of its answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

**WHEREFORE**, in addition to the relief sought in its First Amended Complaint, Emissive respectfully requests:

A. That judgment enter in its favor and against Innovage on each Count of the Counterclaim;

B. That Emissive be awarded costs, expenses and attorneys' fees in connection with Innovage's Counterclaim pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285; and

C. That Emissive be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

/s/ Craig M. Scott
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
Byron L. McMasters, Esq. (#7754)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (FAX)

Dated: June 26, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the within *Answer to Counterclaim* was filed through the ECF system on the 26th day of June, 2008, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing:

Michael Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Craig McLaughlin, Esq.
The Eclipse Group, LLP
O'Connor Christensen & McLaughlin
1920 Main Street, Suite 150
Irvine, CA 92614

/s/ Craig M. Scott

*H:\Clients\Emissive Energy\Bed Bath & Beyond (08-139)\Pleadings\Answer to Counterclaim.doc*