UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, LLC, a Delaware limited liability company; BED BATH & BEYOND, INC., a New York corporation; and BED BATH & BEYOND OF PROVIDENCE, INC., a Rhode Island corporation. | C.A. NO. 08-139 ML<br><br>Pretrial Conference: Sept. 16, 2008<br><br>Before Magistrate Judge Lincoln Almond |
| INNOVAGE LLC, a Delaware limited liability company,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>EMISSIVE ENERGY CORPORATION, a Delaware corporation,<br><br>Counterclaim Defendant. | |

**DEFENDANTS' RULE 16 PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's August 27, 2008 Notice, Defendant Innovage LLC ("Innovage") and Bed Bath & Beyond Inc. and Bed Bath & Beyond of Providence, Inc. (both together "Bed Bath & Beyond" and collectively all "Defendants") submit this Pretrial Conference Statement in advance of the Pretrial Conference scheduled for September 16, 2008.

## FACTS

On or about April 17, 2008, Plaintiff Emissive Energy Corporation ("Emissive") filed a Complaint initiating this Action. On or about May 19, 2008, Emissive filed its Amended Complaint against the current Defendants alleging that Innovage's 8X LED Power Light (the "Accused Device") infringes five of Emissive's patents, three of which are design patents and two of which are utility patents: U.S. Patent Nos. D434,164 (the '164 Patent"); D468,464 (the '464 Patent"); and D468,851 (the "'851 Patent"); 6,796,674 (the "'674 Patent"); and 6,840,653 (the "'653 Patent").

On or about June 6, 2008, Defendants answered denying the allegations and asserted various defenses. Innovage counterclaimed seeking a declaration that it does not infringe any of the patents-in-suit, that the '674 and '653 Patents are invalid under 35 U.S.C. §§ 102, 103 and 112 and that these patents are both unenforceable as a result of the patentee's inequitable conduct before the USPTO.

On or about June 26, 2008, Emissive replied to Innovage's counterclaim.

## INNOVAGE'S COUNTERCLAIM OF NON-INFRINGEMENT

Once the asserted claims of each patent are construed, which Defendants prefer should be resolved early in the case, Defendants intend to prove that the Accused Device does not possess all of the elements of any of the asserted[1] claims. If so proven, axiomatically, non-infringement would be established.

---

[1] On multiple occasions, Defendants' counsel has requested that Emissive's counsel identify the particular claims Emissive intends to assert and to provide claims charts for them (which should have been done as part of a reasonable pre-filing investigation). Emissive continues to refuse to comply with both of these requests. Through counsel, the parties did agree to commence discovery on August 20, 2008. On August 21, 2008, Innovage served its First Set of Interrogatories and First Set of Document Requests upon Emissive.

In comparing a design patent claim to the accused design to determine infringement, a court must apply ”two distinct tests, both of which must be satisfied in order to find infringement: (a) the ‘ordinary observer’ test, and (b) the ‘point of novelty’ test.” *Lawman Armor Corp. v. Winner Int’l LLC*, 437 F.3d 1383, 1384-85 (Fed. Cir. 2006) (citations omitted). The “ordinary observer” test requires comparison of the two designs from the viewpoint of the ordinary observer to “determine whether the patented design as a whole is substantially the same as the accused design.” *Id.* (citations omitted). One look at the design patents and the Accused Device reveals that not a single design shown and claimed therein would support a finding of substantial similarity to the Accused Device, which has 8 LEDs, whereas the design patents show no more than 6.

**INNOVAGE’S COUNTERCLAIM OF INVALIDITY**

Innovage has alleged and intends to prove that the earliest priority document relied upon by Emissive in its utility patents was not properly asserted as a priority document and failed to include sufficient disclosure under 35 U.S.C. § 112 to support claims of those patents. *Tronzo v. Biomet, Inc*., 156 F.3d 1154, 1158 (Fed. Cir. 1998).

**INNOVAGE’S COUNTERCLAIM OF UNENFORCEABILITY**

Innovage has alleged and intends to prove that the asserted utility patents are unenforceable due to the patentee’s intentionally withholding its own highly material prior art design patent from the Examiner of the utility patents. *Aventis Pharma S.A. v. Amphastar Pharms., Inc*., 525 F.3d 1334, 1344 (Fed. Cir. 2008) (inequitable conduct affirmed).

Respectfully submitted,

Defendants Innovage LLC, Bed Bath & Beyond Inc. and Bed Bath & Beyond of Providence, Inc.
By their Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel.: (401) 274-7200
Fax: (401) 751-0604
Dated: Sept. 9, 2008

/s/ Craig McLaughlin
Craig McLaughlin, Esq.
cml@eclipsegrp.com
THE ECLIPSE GROUP LLP
1920 Main Street, Suite 150
Irvine, CA 92614
Tel: (949) 851-5000
Fax: (949) 851-5051
Dated: Sept. 9, 2008

**CERTIFICATION**

TO:

Craig M. Scott
cscott@duffysweeney.com
Christine K. Bush
cbush@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place
Suite 1200
Providence, RI 02903

I hereby certify that I filed the within Defendants' Rule 16 Pretrial Conference Statement through the ECF system on the 9th day of September, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 08-139-ML.

/s/ Julie Tran____________________